THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARITY FEHRENBACH, | CASE NO. C18-0286-JCC |
| Plaintiff, | ORDER |
| v. | |
| ACCOUNTS RECEIVABLE, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to strike Defendant's affirmative defenses (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Plaintiff filed a complaint in King County Superior Court alleging that Defendant engaged in unlawful debt-collection practices. (Dkt. No. 1-1.) Defendant removed the matter to this Court. (Dkt. No. 1.) Plaintiff now moves to strike the seven affirmative defenses included in Defendant's answer, alleging they are no more than placeholder defenses that do not provide Plaintiff notice of their nature and grounds. (Dkt. No. 7 at 3); (*see* Dkt. No. 3 at 7) (Defendant's answer).

While motions to strike are disfavored, the Court has discretion to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f); *see Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015). A defense is "insufficient" if it fails to provide a plaintiff fair notice

of the defense raised. *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).[1] "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks and indications of alteration omitted), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

In arguing to strike, Plaintiff relies on prior rulings from courts in this district. (Dkt. No. 7 at 1–2) (citing *Villa v. Genesis Credit Mgmt., LLC*, Case No. C17-0872-TSZ, slip op. at 1 (W.D. Wash. Aug. 14, 2017); *Dawson v. Genesis Credit Mgmt., LLC*, Case No. C17-0638-JCC, slip op. at 1–2 (W.D. Wash. June 26, 2017)). But those rulings are distinguishable. There, the defendants alleged a laundry list of affirmative defenses without *any* factual support or specificity. *See Villa*, Case No. C17-0872-TSZ, Dkt. No. 4 at 8–9; *Dawson*, Case No. C17-0638-JCC, Dkt. No. 10 at 5–6. Here, Defendant articulates sufficient facts, albeit often on information and belief, to put Plaintiff on notice as to the nature and grounds of its defenses. (*See* Dkt. No. 3 at 7); *see also Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (claims may be asserted based on facts gleaned on information and belief).

While Defendant's final defense—reserving the right to assert additional defenses—is a placeholder, the Court views this as no more than a statement of uncontroverted fact. (*See* Dkt. No. 3 at 7.) To the extent the rules permit it, Defendant may assert additional defenses. To the extent the rules do not, Defendant may not. Therefore, the Court finds no need to strike this defense.

For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 11) is DENIED.

//

---

[1] Plaintiff suggests that the Court should apply *Iqbal/Twombly's* heightened standard to the pleading of affirmative defenses. (Dkt. No. 7 at 5 n.2.) Like other courts in this district, the Court declines to do so. *See Christian v. Rent Recovery Sols., LLC*, Case No. C17-0866-RSL, slip op. at 1–2 (W.D. Wash. Oct 2, 2017).

1       DATED this 11th day of April 2018.

<br>

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0286-JCC
PAGE - 3